CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 21, 2017
JULIA C. DUDLEY, CLERK
BY: K. Ayersman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHARON LYNN HAMMACK, )
)
    Plaintiff, )
)
) Civil Action No. 7:16cv00314
v. )
)
NANCY A. BERRYHILL,[1] ) By: Michael F. Urbanski
Acting Commissioner of ) Chief United States District Judge
Social Security, )
)
    Defendant. )

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on July 18, 2017, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Sharon Lynn Hammack has filed objections to the report, the Commissioner has responded, and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and will be substituted for Carolyn W. Colvin as defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the

court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir. 2010), cert. denied, 131 S. Ct. 610 (2010); see also Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed . . . .").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844–45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

539 F. Supp. 2d at 846 (quoting Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). A plaintiff who reiterates her previously raised arguments will not be

3

given "the second bite at the apple she seeks"; instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.[2]

Hammack raised three principal arguments on summary judgment: (1) the Administrative Law Judge (ALJ) failed to properly evaluate her credibility and assess her complaints of fatigue; (2) the ALJ failed to properly evaluate the frequency with which she was required to "reach, handle, and finger" at her most recent relevant work; and (3) the ALJ failed to properly evaluate whether the elevation of her legs at her most recent relevant work constituted a "special condition" that would prevent her from obtaining employment in the national job market. The magistrate judge rejected these arguments and found substantial evidence supported the ALJ's determination that Hammack was capable of performing her past relevant work as computer programmer before August 6, 2014.[3] Hammack objects to the magistrate judge's findings as to each of her three arguments. The court will address these objections in turn.

### A.

Hammack first appears to object to the magistrate judge's conclusion that substantial evidence supports the ALJ's decision that Hammack's fatigue "showed a disability onset date of August 6, 2014." Report & Recommendation, ECF No. 16, at 7; see Pl.'s Obj., ECF No. 17, at 1–2. Specifically, Hammack takes issue with the ALJ's use of an August 6, 2014

---

[2] Detailed facts about Hammack's impairments and medical and procedural history can be found in the report and recommendation, ECF No. 16, and in the voluminous administrative transcript, ECF No. 7. As such, they will not be repeated here.
[3] The Commissioner originally denied Hammack's claim in its entirety. R. 77. After a hearing, the ALJ reversed the Commissioner's original decision in part and determined that Hammack was disabled as of August 6, 2014. Id. at 27. Hammack only appeals the ALJ's determination that she was not disabled before August 6, 2014.

4

treating report to establish her disability onset date. In the treating report, Hammack reported that she "stayed in bed resting until noon or as late as 4 pm once a week." Report & Recommendation, ECF No. 16, at 7 (citing Administrative Record, hereinafter "R.", at 695). Hammack, however, contends that "[l]ogically, such a significant level of fatigue would not have happened overnight and would have had at least some impact on functionality." Pl.'s Obj., ECF No. 17, at 2.

Hammack raises this same argument on summary judgment. Indeed, the majority of the first paragraph of page 2 of her objections to the Report and Recommendation is taken verbatim from page 8 of her summary judgment brief. Compare Pl.'s Obj., ECF No. 17, at 2, with Pl.'s Summ. J. Br., ECF No. 13, at 8. A plaintiff, unsatisfied by the findings and recommendation of the magistrate judge, cannot seek re-argument of her case in the guise of an objection. Veney, 539 F. Supp. 2d at 844. Notably, Hammack fails to identify any specific error in the magistrate judge's report related to onset date and fatigue. This general objection does not warrant de novo review. Id. at 844–46; see also Camper, 2009 WL 9044111, at *2.

In any event, the magistrate judge correctly determined that "objective evidence supports the ALJ's conclusion that Hammack's condition changed such that she became disabled as of August 6, 2014," but was not disabled before that date. Report & Recommendation, ECF No. 16, at 7. Prior to her onset date, the ALJ determined that available medical documentation could not support a finding of fatigue significant enough to constitute a disability. R. 24. At various times in 2012, Hammack reported to doctors that she was doing "exceptionally well." Id. at 426 (Jan. 30, 2012); id. at 442 (Oct. 4, 2012). On July 14, 2014, less than one month before her disability onset date, Hammack reported to

5

her sleep clinic that she was "sleeping through the night" and "tak[ing] no naps during the day." Id. at 681. There is no evidence of significant fatigue from this visit. During her August 6, 2014 visit, however, Hammack reported substantial fatigue, including staying in bed until 9 a.m. most days, and staying in bed until noon to 4 p.m. one day a week. Id. at 26, 695. The ALJ correctly found that this record constitutes substantial evidence that Hammack was disabled on August 6, 2014, but only as of that date.

On this record, Hammack's claim that "[l]ogically, such a significant level of fatigue would not have happened overnight and would have had at least some impact on functionality," Pl.'s Obj., ECF No. 17, at 2, is wholly conclusory and is afforded no weight. See Diprospero, 2014 WL 1669806, at *1. As described above, the record as a whole, including remarks made to doctors on July 14, 2014, is replete with evidence that Hammack was doing quite well until her onset date of August 6, 2014. The court agrees with the magistrate judge that substantial evidence supports the ALJ's decision that Hammack's fatigue showed a disability onset date of August 6, 2014.

**B.**

Hammack next takes issue with the magistrate judge's conclusion that the ALJ properly determined that Hammack "could only frequently reach, handle, and finger." Pl.'s Obj., ECF No. 17, at 2. As before, Hammack raises this same argument on summary judgment. The majority of the paragraph spanning page 2 and 3 of her objections to the Report and Recommendation is taken from page 12 of her summary judgment brief. Compare id. at 2–3, with Pl.'s Summ. J. Br., ECF No. 13, at 12. As noted above, Hammack cannot overcome dissatisfaction with the magistrate judge's recommendation by re-arguing

6

her case in the guise of an objection. Veney, 539 F. Supp. 2d at 844. In any event, the court finds no error in the magistrate judge's conclusion that the ALJ properly evaluated the frequency with which Hammack could "reach, handle, and finger" and applied that frequency to whether Hammack could return to her prior employment as a programmer.

Hammack then charges a single specific error against the magistrate judge's conclusion, claiming the magistrate judge "reference[d] [Hammack's] hearing testimony where she indicated she spends three to five hours a day keyboarding," but failed to credit Hammack's reports that she "engag[ed] in other activities requiring reaching, handling, and fingering." Pl.'s Obj., ECF No. 17, at 3. If the magistrate judge and the ALJ had considered these additional activities, Hammack claims, "the total amount of time [Hammack] spent reaching, handling, and fingering would certainly exceed 5.32 hours out of an eight hour day [that is, above the level of 'frequent']." Id.

The magistrate judge plainly did not ignore Hammack's argument, however. See Report & Recommendation, ECF No. 16, at 8–9. Rather, he concluded the ALJ properly assessed all the evidence and adequately explained his findings, and that substantial evidence in the record supports the ALJ's conclusion that the objective medical evidence and vocational-expert testimony undermines Hammack's statements regarding the extent of her limitations. Id. at 8–9. Hammack appears to simply disagree with the magistrate judge's conclusion in this regard.

Hammack's appeal to Marquez v. Colvin, No. 5:12-CV-802-FL, 2014 WL 1316113 (E.D.N.C. March 31, 2014), an unreported case that is not binding on this court, is of no moment. The Marquez court noted that "[a]n ALJ has a duty to explain the administrative

decision so as to enable meaningful judicial review." Id. at *3. The court determined it was impossible to determine from the ALJ's cursory two-paragraph analysis of the "plaintiff's ability to perform past relevant work" if that analysis was "supported by substantial evidence, as the ALJ failed to discuss probative evidence weighing against her decision." Id. at *3–4.

The same cannot be said here. Instead of the cursory two-paragraph analysis in Marquez, the ALJ spent over seven pages weighing the evidence. As the magistrate judge correctly concluded, the ALJ set forth Hammack's subjective complaints in detail, R. 19–20, and then compared those complaints to the voluminous medical evidence, id. at 20–24, before concluding that Hammack could perform relevant past work, id. at 25–26. See Report & Recommendation, ECF No. 16, at 8–9.

The magistrate judge correctly determined that there was "substantial evidence in support of the ALJ's conclusion that Hammack could return to her prior employment as a programmer." Report & Recommendation, ECF No. 16, at 9. The ALJ found that Hammack "can frequently reach, handle, and finger." R. 19. "Social Security Ruling 83-10 defines 'frequent' as occurring from 1/3 to 2/3 of the time, or 2.66 to 5.32 hours of an 8 hour workday." Report & Recommendation, ECF No. 16, at 8; see also Pl.'s Obj., ECF No. 17, at 3.

To rebut the ALJ's and magistrate judge's conclusion, Hammack relies solely on a November 13, 2013 Work History Report in which she reports that she "write[s], type[s] or handle[s] small objects" seven hours out of an eight-hour work day. R. 237; see Pl.'s Obj., ECF No. 17, at 2–3. In her testimony at the hearing, however, Hammack reported that she

8

only typed "[p]robably three to five [hours] depending on the day." R. 53. The remainder of the day, Hammack reported talking on "[t]he phone, talking with vendors, and setting up things, or . . . reading the program, or the specs to determine what steps I was going to take to make the plan, doing the analysis part before the programming part, and troubleshooting." Id. at 53–54. When the ALJ asked whether these activities required the same use of the hand as keyboarding, Hammack responded, "No, no." Id. at 54.

Contrary to Hammack's claim that the magistrate judge and the ALJ failed to address evidence on her ability to perform past relevant work, the magistrate judge determined that the ALJ also properly relied upon the vocational expert's testimony that an individual of Hammack's age, education, and work experience was able to perform Hammack's prior jobs, both as described in the Dictionary of Occupational Titles and as she actually performed them.[4] R. 60–61. The ALJ expressly weighed the entirety of the evidence and properly held that substantial evidence supported a finding that Hammack was capable of performing her past relevant work. See Via v. Berryhill, No. 7:16CV00579, 2017 WL 3763856, at *4 (W.D. Va. Aug. 30, 2017) (holding an ALJ "may also rely on input from a vocational expert"); Taylor v. Asture, No. BPG-11-0032, 2012 WL 294532, at *9 (D. Md. Jan. 31, 2012) (determining an ALJ correctly found substantial evidence that claimant was capable of performing past relevant work "based on [claimant's] own testimony and that of the VE"); 20 C.F.R. § 404.1560(b)(2).

---

[4] The record belies Hammack's argument that either the ALJ or the magistrate judge failed to credit Hammack's testimony. To the contrary, the ALJ expressly noted he "considered the claimant's subjective complaints and included these limitations in the residual functional capacity." R. 25.

9

The court finds no error in the magistrate judge's conclusion that the ALJ's assessment was proper and supported by substantial evidence. As the magistrate judge noted, it is the ALJ's role to resolve inconsistencies between a claimant's alleged impairments and his ability to work, not the court's. Rather, the court's role on judicial review is to determine if there is substantial evidence to support the factual findings of the ALJ and if they were reached through the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the court is not if Hammack "is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Id. (citing Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). In making that determination, the court must not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary" or his designee, the ALJ. Id. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

## C.

Finally, Hammack disputes the magistrate judge's conclusion that the "the record lacks evidence of 'special conditions' beyond Hammack's claims of accommodation." Pl.'s Obj., ECF No. 17, at 4 (citing Report & Recommendation, ECF No. 16, at 10). As before,

Hammack raises this same argument on summary judgment. The majority of the full paragraph on page 4 of her objections to the Report and Recommendation is lifted from page 14 of her summary judgment brief. Compare id. at 4, with Pl.'s Summ. J. Br., ECF No. 13, at 14. Again, Hammack cannot overcome dissatisfaction with the magistrate judge's recommendation by re-arguing her case in the guise of objection. Veney, 539 F. Supp. 2d at 844. Even so, the court finds no error in the magistrate judge's determination that the ALJ properly concluded that "substantial evidence supports the ALJ's determination that Hammack had the residual functional capacity to perform the job as actually performed. Report & Recommendation, ECF No. 16, at 10–11 (citing R. 62).

Hammack then levies a single specific error against the magistrate judge's conclusion: The magistrate judge's statement that "[h]ere, the record lacks evidence of 'special conditions' beyond Hammack's claims of accommodation" is purportedly belied by "the vocational expert's original testimony that such elevation of the legs would not allow for performance of sedentary work provides such evidence." Pl.'s Obj., ECF No. 17, at 5 (quoting Report & Recommendation, ECF No. 16, at 10).

At the hearing, the ALJ asked the vocational expert, "[I]f an individual has to elevate their legs so that they're sitting at a 90-degree angle, . . . would that individual be able to perform the claimant's prior jobs?" R. 62. The vocational expert replied, "No, Your Honor. . . . I heard her say that she puts her leg on a chair, but if we're talking about both legs, it makes it very difficult to sustain . . . ." Id. (emphasis added). The ALJ then questioned Hammack: "[A]t your prior job were you elevating both legs?" Id. Hammack stated that she elevated both legs throughout the entire day. Id. After hearing Hammack's statement, the

11

vocational expert changed her testimony: "Okay. I stand corrected. I apologize. I thought she had said one leg, so if she says both legs . . . then [she can perform her work] as described." Id. at 63.

Contrary to Hammack's claim, the magistrate judge did take full account of the changed testimony and explained the discrepancy: "[The vocational expert] clarified that she had misheard Hammack and apologized for the misstatement." Report & Recommendation, ECF No. 16, at 10 n.5. An ALJ may rely on a vocational expert's changed testimony, as is the case here. See Williams v. Astrue, Civ. No. 1:08-00321, 2009 WL 3160356, at *12 (S.D. W.Va. Sept. 30, 2009) ("Claimant asserts that the ALJ badgered the VE and essentially forced her to change her testimony. . . . [T]he VE responded to the ALJ's hypothetical questions and the VE, ALJ, and counsel discussed the VE's responses at length. Accordingly, the undersigned finds that the ALJ properly relied on the VE's testimony . . . .").

Both the ALJ and the magistrate judge properly note that ALJ must determine if the claimant can perform "her past relevant work either as it was generally performed or as it was actually performed." Report & Recommendation, ECF No. 16, at 10 (citing 20 C.F.R. § 404.1560(b)(2)); R. 27; see also Johnson v. Barnhart, 329 F. Supp. 2d 751, 755 (W.D. Va. 2004) ("[If] the claimant can still perform his particular past job despite his impairment(s), he is not disabled."). The vocational expert determined that Hammack could still perform her past relevant work as actually performed because she was able to work as a programmer even though she elevated both of her legs approximately ninety-nine percent of the work

12

day. R. 63. The ALJ expressly credited this testimony in determining that Hammack was not disabled:

> The claimant testified that she elevated both of her legs at a ninety-degree angle for at least ninety percent of the day while she continued to work. The undersigned included this limitation. The vocational expert testified that a person with the same age, education, vocational background, and residual function as the claimant would be able to perform the claimant's past work as **Programmer** as actually performed by the claimant.... Accordingly, the undersigned finds the claimant is able to perform past relevant work.

Id. at 27.

As noted above, the sole issue before the court is whether "the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig, 76 F.3d at 589. The ALJ did not err in finding that the vocational expert's testimony constituted substantial evidence that Hammack could perform her past relevant work as actually performed. See Williams, 2009 WL 3160356, at *12. The court can discern no reason to disturb the ALJ's credibility determinations. Chafin, 1993 WL 329980, at *2.

### III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet her burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the

13

evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial, Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance, Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, the Commissioner's response, and the administrative record and, in so doing, made a de novo determination of the portion of the report to which Hammack properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: 09-21-2017

Michael F. Urbanski
Chief United States District Judge

14